

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

July 28, 2023

Brandon L. Gray, Esq.
Matthew Bradford, Esq.
220 N. Fayette Street
Beckley, WV 25801

FILED
NOV - 3 2023
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

   Re: United States v. Andrew Fleshman
      Criminal No. 5:23-cr-00____ (USDC SDWV)

Dear Mr. Gray and Mr. Bradford:

  This will confirm our conversations with you regarding your client, Andrew Fleshman (hereinafter "Mr. Fleshman" or "the defendant"). As a result of these conversations, it is agreed by and between the United States and Mr. Fleshman as follows:

  1. **CHARGE AND RESOLUTION.** Mr. Fleshman agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

  2. **RESOLUTION OF CHARGES.** Mr. Fleshman will plead guilty to a violation of 18 U.S.C. § 241 (conspiracy to violate civil rights) as charged in said information.

  3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Fleshman will be exposed by virtue of this guilty plea is as follows:

  (a) Imprisonment for a period of ten years;

  (b) A fine of $250,000 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from the defendant's conduct, whichever is greater;

  (c) A term of supervised release of not more than three years;

*AF*
Defendant's Initials

(d)     A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e)     An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

4.     **RESTITUTION.** Mr. Fleshman understands that, in accordance with 18 U.S.C. § 3663A, the Court shall order restitution to the victim's estate in this case for the full amount of the victim's losses, if any. Mr. Fleshman further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Fleshman further agrees as follows:

(a)     Mr. Fleshman agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b)     Mr. Fleshman will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c)     Mr. Fleshman agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d)     Mr. Fleshman agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e)     Mr. Fleshman agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000. However, nothing in this provision is intended to preclude the Court from ordering Mr. Fleshman to pay a greater or lesser sum of restitution in accordance with law.

*AF*
_____
Defendant's Initials

5.  **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Fleshman will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of the defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Fleshman will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Fleshman fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Fleshman.

6.  **PAYMENT OF MONETARY PENALTIES.** Mr. Fleshman authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Fleshman agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Fleshman further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Fleshman authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Fleshman shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Fleshman agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite

_AF_
_____
Defendant's
Initials

4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

7. **COOPERATION.** Mr. Fleshman will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Fleshman may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Fleshman, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines. Further, Mr. Fleshman agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Fleshman for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Fleshman for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Fleshman stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Fleshman agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Fleshman or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Fleshman knowingly and voluntarily waives, *see* United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid.

*AF*
_____
Defendant's Initials

410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Fleshman understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Fleshman knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Fleshman also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C § 241) is unconstitutional, and (2) Mr. Fleshman's conduct as set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 18 U.S.C. § 241.

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Fleshman also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Fleshman knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under

*AF*
_____
Defendant's
Initials

the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

**13. FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises, as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Fleshman;

(f) Advise the Court concerning the nature and extent of Mr. Fleshman's cooperation; and

(g) Address the Court regarding the issue of Mr. Fleshman's acceptance of responsibility.

**14. VOIDING OF AGREEMENT.** If either the United States or Mr. Fleshman violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

**15. ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Fleshman in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Fleshman in any Court other than the United States District Court for the Southern District of West Virginia.

*AF*
_____
Defendant's
Initials

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON                          KRISTEN CLARKE
United States Attorney                       Assistant Attorney General
                                             Civil Rights Division

By: *[signature]*                            *[signature]*
Monica D. Coleman                            Christine M. Siscaretti
Deputy Criminal Chief                        Deputy Chief of Operations
United States Attorney's Office
                                             *[signature]*
                                             Matthew Tannenbaum
                                             Trial Attorney
                                             Criminal Section
                                             Civil Rights Division

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 7-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*[signature: Andrew Fleshman]*                 8/12/23
Andrew Fleshman                                Date Signed
Defendant

*[signature: Matthew Bradford for Brandon Gray]*   11/2/23
Brandon L. Gray, Esq.                          Date Signed
Counsel for Defendant

*[signature: Matthew Bradford]*                8/12/23
Matthew Bradford, Esq.                         Date Signed
Counsel for Defendant

                                               AF
                                               _____
                                               Defendant's
                                               Initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:23-CR-00_____
 18 U.S.C. § 241

ANDREW FLESHMAN
DEFENDANT

INFORMATION

The United States Attorney Charges:

### Introduction

At all times relevant to this offense:

1. Southern Regional Jail (SRJ) was a state correctional facility operated by the West Virginia Division of Corrections and Rehabilitation (WVDOC) and located in Beaver, Raleigh County, West Virginia, within the Southern District of West Virginia.

2. A-pod and C-pod were two housing units for inmates at SRJ.

3. Defendant ANDREW FLESHMAN (FLESHMAN) was employed by WVDOC as a correctional officer at SRJ.

4. On or about March 1, 2022, defendant FLESHMAN was on duty at SRJ and acting in his official capacity as a correctional officer.

5. On or about March 1, 2022, Q.B., an individual known to the United States Attorney, was a 37-year-old pre-trial detainee in the custody of SRJ.

6. On or about March 1, 2022, defendant FLESHMAN responded to a call for officer assistance after Q.B. tried to push past a correctional officer and leave C-pod. When defendant FLESHMAN arrived at C-pod, Q.B. was on the floor as other persons known and unknown to the

United States Attorney were engaged in using force against Q.B. Defendant FLESHMAN and other officers then restrained and handcuffed Q.B. in C-pod.

**COUNT ONE**

7. Paragraphs 1 through 6 are hereby incorporated by reference.

8. On or about March 1, 2022, at Beaver, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant FLESHMAN and other persons, both known and unknown to the United States Attorney, while acting under color of law, willfully combined, conspired, and agreed to injure, oppress, threaten, and intimidate Q.B., a pre-trial detainee, in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States, namely, the right not to be deprived of due process of law, which includes the right to be free from the use of unreasonable force by correctional officers.

Purpose of the Conspiracy

9. The plan and purpose of the conspiracy for defendant FLESHMAN and members of the conspiracy was to use unreasonable force to punish inmate Q.B. in retaliation for the earlier incident in C-pod, during which Q.B. tried to push past a correctional officer and leave C-pod. To achieve the object of that conspiracy, defendant FLESHMAN, and members of the conspiracy, both known and unknown to the United States Attorney, aided and abetted by each other, did punish Q.B. by assaulting him.

Overt Acts

10. In furtherance of the conspiracy, and to accomplish its objectives, defendant FLESHMAN and members of the conspiracy, both known and unknown to the United States Attorney, aided and abetted by each other, committed the following overt acts, among others, on or about March 1, 2022, at SRJ:

a. Defendant FLESHMAN and members of the conspiracy, both known and unknown to the United States Attorney, aided and abetted by each other, escorted Q.B. from C-pod to an interview room.

b. After defendant entering the interview room, defendant FLESHMAN and other members of the conspiracy both known and unknown to the United States Attorney, aided and abetted by each other, struck and otherwise assaulted and injured Q.B. to punish him while he was restrained, handcuffed, and while he posed no threat to anyone.

c. Defendant FLESHMAN and members of the conspiracy, both known and unknown to the United States Attorney, aided and abetted by each other, then removed Q.B. from the interview room and escorted him to a cell in A-pod.

d. Inside the cell in A-pod, members of the conspiracy both known and unknown to the United States Attorney struck and otherwise assaulted and injured Q.B to punish him while he was restrained, handcuffed, and while he posed no threat to anyone.

All in violation of Title 18, United States Code, Section 241.

WILLIAM S. THOMPSON
United States Attorney

By: *(signature)*
Monica Coleman
Deputy Criminal Chief
United States Attorney's Office

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

By: *(signature)*
Christine M. Siscaretti
Deputy Chief of Operations
Matthew Tannenbaum
Trial Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 5:23-cr-00____

ANDREW FLESHMAN

**STIPULATION OF FACTS**

The United States and ANDREW FLESHMAN (hereinafter "the defendant") stipulate and agree that the facts comprising the offense of conviction in the Information in the Southern District of West Virginia, Criminal No. 5:23-cr-00____, include the following:[1]

On or about March 1, 2022, the defendant was serving as a correctional officer with the West Virginia Division of Corrections and Rehabilitation at Southern Regional Jail (SRJ) in Beaver, Raleigh County, West Virginia. Q.B. was a 37-year-old pre-trial detainee in the custody of SRJ. A-pod and C-pod were two housing units for inmates at SRJ.

On or about that date, the defendant responded to a call for officer assistance after Q.B. tried to push past a correctional officer and leave C-pod. When the defendant arrived at C-pod, Q.B. was on the floor and other correctional officers were engaged in using force against Q.B. The defendant and other officers then restrained and handcuffed Q.B. in C-pod.

The defendant and other correctional officers, while acting under color of law, willfully combined, conspired, and agreed to injure, oppress, threaten, and intimidate Q.B. in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United

---

[1] The United States and the defendant further stipulate and agree that this Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to the defendant and to the United States concerning his involvement and the involvement of others in the charge set forth in the Information.

States, namely, the right not to be deprived of due process of law, which includes the right to be free from the use of unreasonable force by correctional officers. Specifically, the defendant and members of the conspiracy agreed to use unreasonable force to punish Q.B. in retaliation for Q.B.'s previous attempt to push past a correctional officer and leave C-pod; and, aided and abetted by each other, did punish Q.B. by assaulting him.

In furtherance of the conspiracy, and to achieve its objectives, the defendant and members of the conspiracy, aided and abetted by each other, committed the following overt acts, among others:

a. The defendant and members of the conspiracy escorted Q.B. from C-pod to an interview room.

b. After entering the interview room, the defendant and other members of the conspiracy assaulted and injured Q.B. to punish him while he was restrained, handcuffed, and while he posed no threat to anyone.

c. The defendant and other members of the conspiracy then removed Q.B. from the interview room and escorted him to a cell in A-pod.

d. Inside the cell in A-pod, members of the conspiracy assaulted and injured Q.B to punish him while he was restrained, handcuffed, and while he posed no threat to anyone.

These events all happened at or near Beaver, Raleigh County, West Virginia, which the defendant knows is in the Southern District of West Virginia.

Stipulated and agreed to:

_____  8/12/23
ANDREW FLESHMAN                  Date
Defendant

_____  11/2/23
BRANDON L. GRAY, ESQ.            Date
Counsel for Defendant
(signed by Matthew Bradford for Brandon Gray)

_____  8/12/23
MATTHEW BRADFORD, ESQ.           Date
Counsel for Defendant

_____  11/02/23
MONICAL COLEMAN                  Date
Deputy Criminal Chief
United States Attorney's Office

_____  11/2/23
CHRISTINE M. SISCARETTI          Date
Deputy Chief of Operations
MATTHEW TANNENBAUM
Trial Attorney
Civil Rights Division